## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

GARY NELSON,                                                    *

Plaintiff                                                      *

v                                                             *          Civil Action No. CCB-20-1975

MISS MARIAN FOGAN,                                             *

Defendant                                                    *

                                                          ***

### MEMORANDUM OPINION

Self-represented plaintiff Gary Nelson, currently confined at Clifton T. Perkins Hospital Center in Jessup, Maryland, filed the above-captioned civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a Motion for Leave to Proceed in Forma Pauperis.  ECF No. 1.  In the Complaint, Nelson alleged that the "food is all ways [sic] cold, shower is cold over 60 days, threated [sic] by staff, no law library."  *Id.*  On July 7, 2020, this court ordered Nelson to supplement his Complaint to provide the names of the individuals whom he claims are responsible for the alleged wrongdoing, what federal law or constitutional provision they violated, the dates of the alleged incidents, and the facts supporting his claim.  ECF No. 2.  Nelson was provided 28 days to file the supplement and was forewarned that failure to properly supplement the Complaint would result in its dismissal.  *Id.*

On July 21, 2020, the court received Nelson's supplemental filing as well as another Motion for Leave to Proceed in Forma Pauperis.  ECF Nos. 3, 4.  In the supplement written on court-provided forms, Nelson stated, "I was threated [sic] by staff, no access to the law library, I am suing for 1 million in cash."  ECF No. 3.  Because Nelson appears indigent, the Motion for Leave to Proceed in Forma Pauperis shall be granted.  For the reasons that follow, the Complaint must be dismissed.

The in forma pauperis statute at 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This court is mindful of its obligation to liberally construe pleadings from self-represented plaintiffs, such as the instant Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id*. at 93-94 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)).  Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented.").  It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id.* at 561.

Nelson's Complaint fails to meet this standard.  Nelson has failed to comply with the court's Order to particularize how the named defendant violated the constitution or federal law, and he did not specify the names of the persons who allegedly denied his rights and subjected him to unconstitutional conditions.  Moreover, Nelson has failed to provide the dates of any alleged incidents and detailed facts to support his contentions.  Although the court has attempted to understand Nelson's concerns, he has provided insufficient information from which the named

defendant could fashion a response to the Complaint. Thus, Nelson's Complaint, as supplemented, must be dismissed for failure to state a claim upon which relief may be granted.

Nelson is advised that under 28 U.S.C. § 1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate order follows.


8/19/20                                                                          /S/
Date                                                     Catherine C. Blake
                                                         United States District Judge